**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Shawn Lamont Brown, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:05-3023-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On October 24, 2005, Shawn Lamont Brown ("petitioner") commenced this action seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. On March 27, 2002, the petitioner was indicted for 3 counts of a 17 count indictment. On August 21, 2002, the petitioner pled guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On May 21, 2003, the Court sentenced the petitioner to 235 months imprisonment followed by 5 years of supervised release. The petitioner did not appeal his sentence or move to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

On June 23, 2006, Magistrate Judge Thomas E. Rogers, III ("Magistrate Judge Rogers") issued a report analyzing the issues and recommending that the Court dismiss the petition without prejudice and without issuance and service of process. Magistrate Judge Rogers found that the allegations in the petition were cognizable as claims only under § 2255 and not § 2241. On July 13, 2006, the petitioner made a motion for an extension of time to file objections to the

report and recommendation. On July 17, 2006, the Court granted the petitioner's motion for an extension of time to file objections to the report and recommendation. On July 31, 2006, the petitioner made a timely objection to Magistrate Judge Rogers' findings in the report and recommendation. *See* 28 U.S.C. § 636(b)(1).

This Court is charged with making a *de novo* determination of any portions of the magistrate judge's recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Matthews v. Weber, 423 U.S. 261, 270-71 (1976). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the report and recommendation, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The petitioner moves to correct his sentence based on the following allegations: 1) he should not have received a two level increase for possession of a dangerous weapon; 2) the drug amounts attributed to him were in excess of what he actually possessed; 3) his criminal history computation was flawed; and 4) the aforementioned errors violate the holdings in Apprendi v. New Jersey, 530 U.S. 446 (2000) and Blakely v. Washington, 2004 WL 1402697, U.S. 296 (June 24, 2004). These arguments are collateral attacks on his sentence. Only 28 U.S.C. § 2255 authorizes a district court to grant this type of relief.

The petitioner argues that he is attacking his detention and that § 2255 is inadequate or ineffective to test the legality of his detention. Any petition filed under § 2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence.

*Compare* 28 U.S.C. § 2242 (§ 2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. § 2255 (motions to vacate sentence brought under § 2255 are collateral attacks upon the imposition of a prisoner's sentence). The Court has fully reviewed both Magistrate Rogers' findings as set forth in the report and recommendation and the relevant case law. The Court concludes that the petitioner is attacking his sentence and that § 2255 is an adequate remedy for the petitioner's claims. *See* In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (§ 2255 is inadequate when (1) the conviction was legal at the time rendered, (2) after the first petition, the substantive law changed to make unlawful the conduct for which defendant was lawfully convicted, and (3) the gatekeeping provisions of § 2255 bar suit). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . ., or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Accordingly, the Court hereby advises the petitioner of its intention to recharacterize the motion as one pursuant to § 2255. *See* United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (requiring notice to the defendant before a district court, *sua sponte*, converts a motion to amend a criminal judgment into a motion under § 2255). The petitioner is directed to take notice of the restrictions on successive or second motions set forth in § 2244(a) and § 2255. A petitioner must be careful to include all grounds for relief in an initial § 2255 motion because the ability to raise other grounds later have been limited by the following provisions:

>    (a)    No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for

a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a).

A second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

In addition, the petitioner should note the following 1 year period of limitations for filing a § 2255 motion:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by govenmental action in violation of the Constitution or laws of the United States if removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A district court has the authority to dismiss a § 2255 motion without ordering the government to respond if the motion violates the 1 year limitations period described above. *See* Hill v. Braxton, 277 F.3d 701, 705 (4th Cir. 2002); *see also* United States v. Sosa, 364 F.3d 507,

510 n. 4 (4th Cir. 2004) (applying the holding in Hill v. Braxton to § 2255 motions). The petitioner filed this motion on October 24, 2005, after the judgment became final. Consequently, should the petitioner agree to a recharacterization of this motion to one under § 2255, the petitioner must respond and present any facts that demonstrate why the 1 year limitations period should not bar the motion.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization and to file any material he wishes to support a claim that this action has been filed within the limitations period described above, within 60 days from the date of the filing of this order. Failure to respond within the allotted time will result in the original motion being recharacterized as a § 2255 motion and the original motion being dismissed as untimely.

**AND IT IS SO ORDERED**.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 8, 2007
Charleston, South Carolina